IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02756-MSK-KLM

DELANDA FRANKLIN,

　　Plaintiff,

v.

WOODY CAPITAL INVESTMENT COMPANY III, a/ka J.R. MOTORS COMPANY NORTH, a/k/a GO HONDA 104TH, and
R.L. BUSCHER III INC., a/k/a J.R. MOTORS COMPANY NORTH,

　　Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

　　This matter is before the Court on Plaintiff's **Motion to Reconsider** [Docket No. 21; Filed April 26, 2011] (the "Motion").[1] Plaintiff seeks reconsideration of the Court's April 25, 2011 Order [Docket No. 19] vacating the Settlement Conference that was set for April 28, 2011. The Court vacated the Settlement Conference because Plaintiff did not submit a Confidential Settlement Statement by the deadline of April 21, 2011. *Order* [#19] at 1; *see Scheduling Order* [Docket No. 15] at 12, ¶ 10(a) ("Each party shall submit a Confidential Settlement Statement to the Magistrate Judge on or before April 21, 2011 outlining the facts and issues, as well as the strengths and weaknesses of their case."); *Settlement Conference Instructions* [Docket No. 17] at 1, ¶ 1 ("If the parties' Confidential Settlement Statements and exhibits are not filed by the deadline set by the Court, the settlement

---

[1] Plaintiff styled the Motion as "unopposed," but counsel for Defendants, Attorney Tanya Milligan, notified the Court via email that Defendants in fact oppose the Motion.

-1-

conference **will be vacated**." (emphasis in original)).

A motion for reconsideration "is an extreme remedy to be granted in rare circumstances." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995). It is well established in the Tenth Circuit that grounds for a motion to reconsider are typically limited to the following: "(1) an intervening change in the controlling law; (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark*, 57 F.3d at 948). Therefore, a motion to reconsider is "appropriate [only] where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

Plaintiff seeks reconsideration of the Court's Order [#19] on several bases. First, Plaintiff contends that she was "not required" to file a Confidential Settlement Statement by the April 21 deadline. *Motion* [#21] at 1. Plaintiff asserts that she filed a Confidential Settlement Statement in advance of the January 5, 2011 Scheduling Conference and the Court "did not order the parties to file a new or additional confidential settlement statement." *Id.* Plaintiff's contention lacks merit. The parties were required to submit initial Confidential Settlement Statements "five (5) calendar days before" the Scheduling Conference held on January 5, 2011. *Order Settling Scheduling/Planning Conference* [Docket No. 5] at 2. At the Scheduling Conference held on January 5, 2011, the Court instructed the parties that they were to update and resubmit their Confidential Settlement Statements on or before April 21, 2011. This verbal instruction is memorialized as follows in the Courtroom Minutes for the Scheduling Conference: "Each party shall submit an **Updated** Confidential

Settlement Statement to Magistrate Judge Mix on or before April 21, 2011 in accordance with the Court's Instructions for Preparation of Confidential Settlement Statements, Effective January 1, 2008 [Docket No. 14-1], a copy of which is attached." *Courtroom Minutes/Minute Order* [Docket No. 14] at 2 (emphasis added). Plaintiff's obligation to file an updated Confidential Settlement Statement is also set out in the Scheduling Order that resulted from the Scheduling Conference: "Each party shall submit a Confidential Settlement Statement to the Magistrate Judge on or before April 21, 2011 outlining the facts and issues, as well as the strengths and weaknesses of their case." *Scheduling Order* [#15] at 12, ¶ 10(a). On January 14, 2011, Plaintiff was again reminded of her obligation to file a Confidential Settlement Statement, and she was warned of the consequences for failing to satisfy that obligation. *Settlement Conference Instructions* [#17] at 1, ¶ 1 ("If the parties' Confidential Settlement Statements and exhibits are not filed by the deadline set by the Court, the settlement conference **will be vacated**." (emphasis original)). Accordingly, Plaintiff's first stated basis for reconsideration is spurious.

Plaintiff next contends that, pursuant to Fed. R. Civ. P. 6(d), three days were automatically added to the Scheduling Order deadline of April 21, 2011, thus making the effective deadline April 24, 2011. *Motion* [#21] at 2. Plaintiff further contends that because April 24, 2011 was a Sunday, Fed. R. Civ. P. 6(a)(1)(C) requires that the effective deadline be extended to April 25, 2011. *Id.* Plaintiff asserts that she met this deadline by filing her Confidential Settlement Statement on April 25, 2011. *Id.* Plaintiff's second contention lacks merit. Fed. R. Civ. P. 6(d) provides as follows: "When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)." In this case, the

Scheduling Order did not state that Plaintiff must submit a Confidential Settlement Statement within a specified time *after service of some other pleading*. Instead, the Scheduling Order specified **a date certain** by which Plaintiff was required to submit a Confidential Settlement Statement: April 21, 2011. Because the Scheduling Order specified a date certain and did not state a period of time in days or otherwise require the computation of time, Fed. R. Civ. P. 6 is inapplicable.

Third, Plaintiff contends that a Magistrate Judge "does not have the power under [Fed. R. Civ. P.] 72(a) to enter an award of costs and attorney fees as a sanction for not filing a second confidential settlement statement." *Id.* This contention also lacks merit. Fed. R. Civ. P. 72(a) is silent with respect to a Magistrate Judge's authority to award costs and attorney fees as a sanction. Contrary to Plaintiff's assertion, the Rule does not specify any required proceedings that must take place before attorney fees may be awarded. In this case, the Court awarded Defendants "the reasonable costs and fees they incurred to prepare their Confidential Settlement Statement" pursuant to Fed. R. Civ. P. 16(f). *Order* [#19] at 2. This Rule expressly authorizes the Court to order a "party, its attorney, or both to pay the reasonable expenses – including attorney's fees – incurred" by another party because of a failure to obey a scheduling or other pretrial order.

Fourth, Plaintiff contends that the Court may not order her to pay attorney fees without first giving her "'fair notice and an opportunity for a hearing on the record.'" *Motion* [#21] at 2 (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980), *superceded by* 28 U.S.C. § 1927). This statement of the law is simply incorrect in the Tenth Circuit. Plaintiff is correct that "[t]he due process clause of the fifth amendment, U.S. Const. amend. V, requires that an attorney facing sanctions in federal court be given notice and

an opportunity to be heard before final judgment." *G.J.B. & Assocs., Inc. v. Singleton*, 913 F.2d 824, 830 (10th Cir. 1990) (citing *White v. Gen. Motors Corp.*, 908 F.2d 675, 686 (10th Cir. 1990)). "The process due, however, depends upon the severity of the considered sanctions: 'The due process concerns posed by an outright dismissal are plainly greater than those presented by assessing counsel fees against lawyers.'" *Id.* (quoting *Roadway Express*, 447 U.S. at 767 n.14); *see also Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) (procedural protections required by due process vary with circumstances). "[P]rior to imposing fees and costs upon an attorney for whatever reason, the district court should provide the attorney with an opportunity to fully brief the issue." *Id.* "**An oral or evidentiary hearing, however, is not required.**" *Id.* (citing *Braley v. Campbell*, 832 F.2d 1504, 1514-15 (10th Cir. 1987)) (emphasis added).

In this case, the Court has not yet levied an award of costs and fees on Plaintiff. The Court has simply put Plaintiff on notice that it "*will* award Defendants . . . the reasonable costs and fees they incurred to prepare their Confidential Settlement Statement." *Order* [#19] at 1-2 (emphasis added); *see G.J.B. & Assocs.*, 913 F.2d at 832 (noting that even "rudimentary" notice is "minimally adequate" to satisfy due process requirements for imposing Rule 16(f) sanctions). The Court's Order [#19] initiated further process that is necessary before a final award of costs and fees. This process involves input from both Plaintiff and Defendants. Defense counsel was ordered to file an affidavit stating the costs and fees charged to Defendants for the preparation of their Confidential Settlement Statement. *Order* [#19] at 2. The Court then invited Plaintiff to "object to the reasonableness of the costs and fees listed in defense counsel's affidavit within ten days

after the affidavit is filed." *Id.*  Accordingly, Plaintiff still has an opportunity to be heard. She is free to attempt to "persuade the Court why Rule 16(f) sanctions [are] unwarranted" in her objection to defense counsel's affidavit.  *G.J.B. & Assocs.*, 913 F.2d at 832. Moreover, Plaintiff has used the instant Motion as an opportunity to argue that she was not culpable and that Rule 16(f) sanctions are not appropriate under the circumstances of this case.  The Court therefore finds that Plaintiff has not been denied due process.

Fifth, Plaintiff contends that a Magistrate Judge "does not have the power under [28] U.S.C. § 636(b)(1)(A) to enter an award of costs and attorney fees as a sanction for alleged late filing of confidential settlement statements."  *Motion* [#21] at 3.  Plaintiff has provided no case law in support of this contention.  Accordingly, the Court rejects Plaintiff's statement of the law and declines to further address the statutory authority of Magistrate Judges.  *See generally* D.C.COLO.LCivR 7.1C (stating that motions must be "supported by a recitation of legal authority").

Sixth, Plaintiff contends that the Court lacks authority to impose sanctions pursuant to Fed. R. Civ. P. 16(f) because such authority was not expressly granted in District Judge Marcia S. Krieger's November 17, 2010 Order of Reference [Docket No. 4].  *Motion* [#21] at 4 ("While the [M]agistrate [Judge] had the power to convene a settlement conference, it [sic] was not given any authority to issue any sanctions regarding it.").  This contention is also without merit.  The Court has inherent authority to enforce the Federal Rules of Civil Procedure, including Rule 16(f), and manage its docket.  Moreover, as discussed above, the Court has not yet entered a final order awarding costs and fees.  Thus, it certainly has not overstepped its authority.

Seventh and finally, Plaintiff contends that the Court "failed to consider the factors

relevant to determination of any sanctions." *Id.* at 5.  As discussed above, this contention is premature because the Court has not yet entered a final order awarding costs and fees. Plaintiff still has an opportunity to discuss whatever factors she deems relevant to the determination of the appropriateness and amount of sanctions in her objection to defense counsel's affidavit.

For the reasons set forth above,

IT IS HEREBY **ORDERED** that the Motion [#21] is **DENIED**.


Dated:  April 27, 2011

BY THE COURT:

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge