IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02756-MSK-KLM

DELANDA FRANKLIN,

    Plaintiff,

v.

WOODY CAPITAL INVESTMENT COMPANY III, a/ka J.R. MOTORS COMPANY NORTH, a/k/a GO HONDA 104TH, and
R.L. BUSCHER III INC., a/k/a J.R. MOTORS COMPANY NORTH,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Accounting of the Costs and Fees Incurred in Preparation for the Settlement Conference** [Docket No. 29; Filed May 6, 2011] (the "Accounting"). The Accounting and accompanying Affidavit of Tanya E. Milligan [Docket No. 29-1] (the "Affidavit") were filed pursuant to the Court's April 25, 2011 Order directing defense counsel to "file an affidavit compliant with D.C.COLO.LCivR 54.3 stating the costs and fees charged to Defendants for the preparation of their Confidential Settlement Statement ["CSS"]." *Order* [Docket No. 19] at 2. The Court ordered the filing of an affidavit for the purpose of "award[ing] Defendants, pursuant to Fed. R. Civ P. 16(f), the reasonable costs and fees they incurred to prepare their [CSS]" in advance of a settlement conference that was scheduled for April 28, 2011. *Id.* at 1-2; *see also Order* [Docket No. 24] (further explaining the Court's reasons for awarding costs and fees

-1-

to Defendants). On May 6, 2011, Plaintiff filed a Response [Docket No. 32] in opposition to the Accounting. On May 20, 2011, Defendants filed a Reply [Docket No. 35].

In the Accounting, Defendants represent that they incurred a total of $2,040.50 in attorney fees for preparation of their CSS. Defendants do not seek recovery of any costs. *Accounting* [Docket No. 29] at 3. The Affidavit lists the following billing entries:

(1) April 19, 2011 – 2.9 hours of attorney time to prepare the Settlement Statement;

(2) April 20, 2011 – 4.5 hours of attorney time to prepare the Settlement Statement;

(3) April 20, 2011 – 0.3 hours of paralegal time to revise and edit the Settlement Statement;

(4) April 25, 2011 – 0.2 hours of attorney time to give "attention to Court Order cancelling settlement conference" and plan "next steps";

(5) April 25, 2011 – 0.1 hours of attorney time to conduct a telephone call with clients "to cancel attendance at [settlement] conference and explain reasons therefore";

(6) April 25, 2011 – 0.1 hours of attorney time for a telephone call to Plaintiff's counsel "to discuss cancellation of settlement conference"; and

(7) April 26, 2011 – 0.2 hours of attorney time to confer with Plaintiff's counsel.

*Affidavit* [#29-1] at 1-2.[1] The Affidavit states that defense counsel bills Defendants for her time at the rate of $250.00 per hour. *Id.* at 1. It further states that defense counsel bills Defendants for her paralegal's time at the rate of $135.00 per hour. *Id.*

Plaintiff contends that Defendants should not be awarded the attorney fees that they incurred to prepare their CSS because, despite the fact that the settlement conference

---

[1] The Court finds that defense counsel's Affidavit [#29-1] complies with D.C.COLO.LCivR 54.3.

scheduled for April 28, 2011 was cancelled, preparation of the CSS was not wasteful.

It is beyond dispute that Defendants' CSS was prepared specifically for the settlement conference that was set for April 28, 2011. On April 25, 2011, the Court cancelled this conference because of Plaintiff's noncompliance with Court Orders related to it. *Order* [#19] (explaining that the settlement conference was canceled because Plaintiff did not comply with two Orders [Docket Nos. 15 & 17]). However, on May 9, 2011, the Court granted the parties' Joint Motion to [Re]schedule Settlement Conference [Docket No. 30] and reset a settlement conference for June 9, 2011. *Minute Order* [#34]. The Court also ordered that the parties were required to file an "**updated** Confidential Settlement Statement specifically tailored for the June 9, 2011 Settlement Conference" on or before June 3, 2011. *Id.* at 2 (emphasis original). Plaintiff now argues that because Defendants had an obligation to prepare a CSS for the June 9, 2011 settlement conference, the efforts they made to prepare a CSS for the originally scheduled April 28, 2011 settlement conference were not wasted.[2] *Response* [#32] at 4 (arguing that Defendants could have submitted the same CSS that they prepared in advance of the canceled April 28, 2011 settlement conference to fulfill their obligation before the settlement conference set for June 9, 2011).

Plaintiff also contends that the total amount of fees that Defendants seek to recover is excessive. Specifically, Plaintiff argues that the Affidavit's first billing entry "does not break down the time [spent on] specific tasks" and thus does not provide enough

---

[2] The Court notes that the settlement conference set for June 9, 2011 was also canceled. *Minute Order* [#38]. This cancellation was the result of the irreconcilable settlement positions taken by the parties in their updated confidential settlement statements filed prior to the conference.

information for the Court to determine if it is reasonable. *Response* [#32] at 3. Plaintiff further argues that the Affidavit's second billing entry for 4.5 hours of attorney time is excessive because preparing Defendants' CSS for the scheduled April 28, 2011 settlement conference "was not difficult" given that the parties "had only exchanged written discovery" and "no witnesses or documents were reviewed." *Id.*

The Court rejects Plaintiff's first contention. Although some of defense counsel's efforts to prepare for the settlement conference scheduled for April 28, 2011 may have been useful in preparing for the settlement conference later scheduled for June 9, 2011, this fact does not justify requiring Defendants to bear the cost of these efforts. The fact remains that defense counsel's original efforts to prepare for the settlement conference set for April 28 were rendered unnecessary because of Plaintiff's misconduct. *See Order* [#19]; *Order* [#24] (explaining Plaintiff's failure to comply with Court Orders). At the time when defense counsel's wasted efforts to prepare for the April 28 settlement conference were made, there was no other settlement conference scheduled in this case. Basically, then, Plaintiff's argument is that Defendants should not recover for their counsel's efforts because despite Plaintiff's actions which rendered them fruitless at the time, the Court's resetting of the settlement conference may have ultimately caused some of them to be useful. Plaintiff asserts that she should escape responsibility for her actions because the Court made it possible that Defendants did not suffer too much from those actions. Plaintiff misses the point. The extent of Defendants' harm as a result of Plaintiff's inappropriate actions is only part of the justification for entry of an award of attorney fees to Defendants. The other part relates to Plaintiff's lack of "respect for the judicial process and the law." *Cosby v. Meadors*, 351 F.3d 1324, 1326-27 (10th Cir. 2003). Plaintiff's

blatant, repeated, and stubborn disregard for Court Orders evidences a lack of respect for the Court and the judicial process. In addition, it interferes with the efficient administration of justice. The Court's need to frequently review the case file and issue several orders stemming from the cancellation of the April 28, 2011 settlement conference, which was necessitated by Plaintiff's actions, increases the workload of the Court and takes its attention away from other matters in which the parties have fulfilled their obligations and are deserving of prompt resolution of their issues. This Order itself is "a perfect example [of additional work created for the Court], demonstrating the substantial time and expense required to perform the legal research, analysis, and writing to craft" judicial orders. *Lynn v. Roberts*, No. 01-cv-3422-MLB, 2006 WL 2850273, at *7 (D. Kan. Oct. 4, 2006) (unreported decision). The Court concludes, as it has previously, that awarding fees to Defendants is an appropriate sanction under Fed. R. Civ. P. 16(f) for Plaintiff's failure to comply with Court Orders [#15 & 17].

Turning to Plaintiff's second contention, the Court agrees that the Affidavit's first and second billing entries are inadequate and excessive. To determine a "reasonable attorney's fee," the Court must conduct a lodestar calculation as set out in *Hensley v. Eckerhart*, 641 U.S. 424, 433 (1983), in accordance with "relevant Tenth Circuit precedent applying *Hensley*." *Anchondo v. Anderson, Crenshaw & Assocs., LLC*, 616 F.3d 1098, 1102 (10th Cir. 2002). A lodestar calculation involves taking the product of the number of attorney hours expended to resolve an issue or perform a task and a reasonable hourly billing rate. *Hensley*, 641 U.S. at 433. To determine the number of hours expended, the Court reviews counsel's billing entries to ensure that she exercised proper "billing judgment." *Case v. Unified Sch. Dist. No. 233, Johnson County, Kan.*, 157 F.3d 1243,

1250 (10th Cir. 1998) (internal quotation marks omitted); *id.* at 1251 ("The district court is not bound by the opinions of the parties regarding the reasonableness of the time they spent on the litigation."). Once the Court determines the lodestar, it may "adjust the lodestar upward or downward to account for the particularities" of the work performed. *Phelps v. Hamilton*, 120 F.3d 1126, 1131 (10th Cir. 1997).

In this case, the Court has reviewed Defendants' CSS that was submitted in advance of the settlement conference that was scheduled for April 28, 2011. Based on this document's length (eight pages) and level of detail, the Court finds that the 7.4 hours of attorney time (2.9 hours on April 19, 2011 plus 4.5 hours on April 20, 2011) that was purportedly required for its preparation is unreasonable. "Billing judgment consists of winnowing the hours actually expended down to the hours reasonably expended." *Case*, 157 F.3d at 1250. "In determining what is a reasonable time in which to perform a given task," an attorney submitting billing entries should consider the following factors: (1) the complexity of the case; (2) the number of reasonable strategies pursued; (3) the responses necessitated by the maneuvering of the other side; and (4) "the potential duplication of services" caused by the presence of multiple attorneys when one would suffice. *Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983). The burden is on the party requesting fees to prove that its counsel exercised proper billing judgment. *Case*, 157 F.3d at 1250 ("Counsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks."). Here, the Court finds that defense counsel has not carried her burden of demonstrating proper billing judgment. The Affidavit's first and

second billing entries are insufficiently detailed to justify an award of fees for 7.4 hours of attorney time. The Court finds that an award of fees for 4.7 hours of attorney time is appropriate. The Court further finds that (1) the 0.3 hours of paralegal time listed in the Affidavit's third billing entry is reasonable, and (2) defense counsel's billing rates of $250.00 per hour for attorney time and $135.00 per hour for paralegal time are reasonable. Accordingly, the Court concludes that Defendants are entitled to an award of $1,215.50 for the fees that they reasonably incurred to prepare their CSS in advance of the settlement conference that was scheduled for April 28, 2011. This amount represents $1,175 for reasonably billed attorney time (4.7 hours at $250.00 per hour) and $40.50 (0.3 hours at $135.00 per hour) for reasonably billed paralegal time.

As a final matter, the Court finds that the Affidavit's fourth, fifth, sixth, and seventh billing entries were not properly included in Defendants' fee request because they clearly do not relate to "the preparation of [Defendants'] Confidential Settlement Statement." *Order* [#19] at 2. Any fees defense counsel billed to Defendants for work undertaken after the CSS was submitted to the Court are not recoverable.

IT IS HEREBY **ORDERED** that on or before **June 24, 2011** Plaintiff shall pay Defendants **$1,215.50**, an amount representing the reasonable attorneys' fees that Defendants incurred to prepare their CSS in advance of the settlement conference that was scheduled for April 28, 2011.                                                        Dated: June 9, 2011

BY THE COURT:

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge